# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

ARISTA RECORDS, INC.                              )
6 West 57th Street                                )
New York, NY 10019                                )
(212) 489-7400;                                   )
                                                  )
BMG MUSIC                           CASE NUMBER  1:03CV01474
1540 Broadway
Times Square                        JUDGE: Royce C. Lamberth
New York, NY 10036-4094
(212) 930-4000;                     DECK TYPE: General Civil

CAPITOL RECORDS, INC.               DATE STAMP: 07/03/2003
150 Fifth Avenue, 11th Floor
New York, NY 10011                                )
(212) 786-8000;                                   )        **COMPLAINT**
                                                  )
ELEKTRA ENTERTAINMENT GROUP INC.                  )
75 Rockefeller Plaza, 26th Floor                  )
New York, NY 10019                                )
(212) 484-8000;                                   )
                                                  )
FONOVISA RECORDS                                  )
5820 Canoga Avenue, Suite 300                     )
Woodland Hills, CA 91367                          )
(818) 577-4700;                                   )
                                                  )
INTERSCOPE RECORDS                                )
10900 Wilshire Blvd., Suite 1230                  )
Los Angeles, CA 90024                             )
(310) 209-7681;                                   )
                                                  )
SONY DISCOS INC.                                  )
605 Lincoln Road                                  )
Miami Beach, FL 33139                             )
(305) 695-3500;                                   )
                                                  )
SONY MUSIC ENTERTAINMENT INC.                     )
550 Madison Avenue, 15th Floor                    )
New York, NY 10022-3211                           )
(212) 833-8000;                                   )
                                                  )
                                                  )

**FILED**

JUL - 3 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UMG RECORDINGS, INC.                          )
2220 Colorado Avenue                          )
Santa Monica, CA 90404                        )
(310) 865-4000;                               )
                                              )
VIRGIN RECORDS AMERICA, INC.                  )
150 Fifth Avenue, 11th Floor                  )
New York, NY 10011                            )
(212) 786-8000;                               )
                                              )
WARNER BROS. RECORDS INC.                     )
75 Rockefeller Plaza                          )
New York, NY 10019                            )
(212) 484-8000;                               )
                                              )
and                                           )
                                              )
ZOMBA RECORDING CORPORATION                   )
137-139 West 25th Street, 5th Floor           )
New York, NY 10001                            )
(212) 727-0016,                               )
                                              )
                           Plaintiffs,        )
                                              )
v.                                            )
                                              )
SAKFIELD HOLDING COMPANY S.L., a Spanish      )
company d/b/a PURETUNES.COM                   )
Calle Velazquez, Numero 150                   )
2-Derecha                                     )
28002                                         )
Madrid, Spain;                                )
                                              )
and DOES 1-10,                                )
                                              )
                           Defendants.

Plaintiffs aver as follows:

## NATURE OF THE CASE

1.    This is an action for copyright infringement, violations of the Lanham Act,

unfair competition, and tortious interference arising out of the knowing, willful and

misleading actions of the Defendants, Sakfield Holding Company S.L. ("Sakfield"), and a group of individuals or entities who are conspiring with and/or control Sakfield and the Internet site www.puretunes.com.

2.      The theft of copyrighted music on the Internet has reached epidemic proportions. Defendants, through their commercial Internet site, www.puretunes.com ("PureTunes" or the "PureTunes Site"), have unlawfully copied and distributed thousands of Plaintiffs' copyrighted works without Plaintiffs' authorization. Defendants, moreover, have operated a for-profit business, charging their users a fee to access and copy Plaintiffs' copyrighted sound recordings. The PureTunes Site has been a black market of piracy offering many of the most popular sound recordings, as well as recordings of many up and coming artists. Exhibit A to this Complaint, which is incorporated herein, provides a list of some of the recordings of songs that have been unlawfully copied and distributed (the "Copyrighted Recordings"). These include recordings by well known artists such as Elvis Presley, Bruce Springsteen, U2, Janet Jackson, Al Jarreau, Cher, Eminem, Madonna, and Britney Spears.

3.      Not only have Defendants created a commercial business based on infringement of Plaintiffs' copyrighted recordings, they have done so in a way that is designed to deceive consumers and which heightens the harm to Plaintiffs. Defendants have falsely claimed that they have secured all necessary licenses and that the PureTunes Site is "authorized" by the copyright owners. In this way, Defendants have misled members of the public into believing that they were purchasing sound recordings authorized and licensed by the copyright holders, while instead selling them unlawful, unlicensed, unauthorized copies of popular music.

3

4.      A legitimate market for online digital music exists through authorized and

licensed websites, such as Apple iTunes, Pressplay, Rhapsody, AOL Music, emusic,

MP3.com, and many others.  These legitimate outlets for online music are licensed and/or

operated by the Plaintiffs and fill the need of many consumers who want digital music

online but do not want to break the law to obtain it.  By targeting the very consumers who

want to do business with legitimate sites and who are prepared to pay for music from

those sites, Defendants, through their infringements and false claims to be authorized,

undermine all legitimate music services, as well as Plaintiffs' ability to license legitimate

services.

5.      Defendants also have enabled and promoted additional infringements by

PureTunes' customers.  As an inducement to encourage people to pay Defendants for

access to Plaintiffs' valuable recordings, Defendants falsely represent to customers that

they are purchasing "unrestricted" rights to the Copyrighted Recordings, and that they are

permitted lawfully to further copy and distribute the Copyrighted Recordings without

limitation or restriction.  PureTunes customers have no such rights, and Defendants have

no legal right to purport to authorize such activities.  PureTunes users who further copy

or distribute the infringing copies of Plaintiffs' Copyrighted Recordings are themselves

committing copyright infringement.

6.      Defendants' conduct has caused Plaintiffs grave and irreparable harm.

4

## JURISDICTION AND VENUE

7.     This is a civil action for damages and injunctive relief for copyright

infringement under the Copyright Act (17 U.S.C. § 101 *et seq.*), the Lanham Act (15

U.S.C. § 1125), and the law of the District of Columbia.

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331

and 1338(a). The Court has supplemental jurisdiction over the related state law claims

pursuant to 28 U.S.C. §§ 1338(b) and/or 1367(a) because such claims are so related to the

copyright and federal question claims that they form part of the same case or controversy.

9.     This Court has personal jurisdiction over Defendants in that Defendants

are doing business in the District of Columbia, and a substantial part of the acts of

infringement complained of herein occurred in the District of Columbia.

10.     Venue is proper in this District under 28 U.S.C. § 1391(b), (c), and (d) in

that a substantial part of the acts of infringement complained of herein occurred in the

District of Columbia, Defendants are doing business in the District of Columbia, and

Defendant Sakfield is a foreign corporation and thus can be sued in any district.

11.     Defendant Sakfield has directed electronic activity into the District of

Columbia with the manifest intent of doing business here. Defendant Sakfield was either

aware, or should have been aware, of its continuous commercial interaction with

residents of the District of Columbia. Defendant Sakfield has entered into sales

agreements over the Internet with residents of the District of Columbia involving the

knowing and repeated distribution of Plaintiffs' Copyrighted Recordings to residents of

the District of Columbia. Defendants have derived revenue from sales in the District of

Columbia. Defendants were aware, or should have been aware, that their conduct would

cause injury in the District of Columbia and to residents of the District of Columbia, and

that Plaintiffs have been harmed by business conducted by Defendants in the District of

Columbia.

12.     Defendants, moreover, have maintained the PureTunes Site through an

agreement with Cogent Communications, an Internet service provider headquartered in

the District of Columbia, to provide web-hosting and other services for the PureTunes

Site.

## AVERMENTS COMMON TO ALL COUNTS

### Plaintiffs and Plaintiffs' Recordings

13.     Arista Records, Inc.; BMG Music; Capitol Records, Inc.; Elektra

Entertainment Group Inc.; Fonovisa Records; Interscope Records; Sony Discos Inc.;

Sony Music Entertainment Inc.; UMG Recordings, Inc.; Virgin Records America, Inc.;

Warner Bros. Records Inc.; and Zomba Recording Corporation are many of the most

well-known and respected record companies in the United States and the world.  They are

in the business of producing, manufacturing, distributing, selling, and licensing the

distribution and sale of sound recordings in phonorecords (as defined in 17 U.S.C. § 101,

and including, without limitation, compact discs and other digital formats) or arranging to

do so in the United States.

14.     Plaintiffs are the copyright owners or owners of exclusive rights under

copyright with respect to certain copyrighted sound recordings, including but not limited

to the Copyrighted Recordings.  Each Plaintiff has applied for and/or received

Certificates of Copyright Registration from the Register of Copyrights for its

Copyrighted Recordings.  Each Plaintiff has the exclusive rights, among other things, to

6

"reproduce the copyrighted work," to "distribute copies or phonorecords of the copyrighted work to the public," and to authorize or license any such activities. 17 U.S.C. §§ 106(1), 106(3).

15.   Plaintiffs have invested and continue to invest substantial sums of money, as well as time, effort, and creative talent, to discover and develop recording artists, and to create, manufacture, advertise, promote, sell, and license phonorecords embodying the performances of their exclusive recording artists. Plaintiffs, their recording artists, and others in the music industry are compensated for their creative efforts and monetary investments largely from the sale and distribution of phonorecords to the public and from other exploitation of such phonorecords, including the licensing of these sound recordings for online sale and distribution by others.

16.   Plaintiffs have invested and continue to invest substantial sums of money to develop a legitimate online market for digital music directly or through licensees. Plaintiffs are actively engaged in marketing and selling online digital copies of the Copyrighted Recordings to members of the public, in direct competition with the infringing recordings sold by Defendants to consumers.

### Defendants and Defendants' Infringing Conduct

17.   Defendant Sakfield is a company registered under the laws of Spain.

18.   Defendant Does 1-10 are the individuals or entities that own and/or control Sakfield, and/or are conspiring with Sakfield, to engage in the unlawful activities described in this complaint. Defendant Does 1-10 have, among other things: arranged Internet access for the PureTunes Site in the United States; purchased or leased the physical servers on which the Copyrighted Recordings are stored; participated in

7

unlawful acts of copying the Copyrighted Recordings onto servers; established and

configured the PureTunes Site to be made available to citizens of the United States for

the purpose of downloading and copying the Copyrighted Recordings; marketed and

promoted the infringing PureTunes Site, including the false statements that the

Copyrighted Recordings are authorized; arranged through a merchant for credit card

transactions to receive payment for the infringing sales of the Copyrighted Recordings;

arranged for distribution of their software in the United States through an entity based in

the United States; arranged their structure and activities deliberately to make detection

and prosecution of their illegal activities more difficult; and otherwise participated and/or

conspired with Defendant Sakfield to infringe and cause the infringement of Plaintiffs'

Copyrighted Recordings. The true names and capacities, whether individual, corporate,

associate, or otherwise, of Defendants Does 1-10 are unknown to Plaintiffs. Plaintiffs

will seek leave of Court for immediate discovery to ascertain the true names and

capacities of these Defendants, as well as the precise acts committed by each, and then to

amend this complaint. Said unknown Defendants are liable to Plaintiffs as a result of

their participation in all or some of the acts hereinafter set forth.

19.    Defendants have owned, operated, and controlled the PureTunes Site at

the Internet address www.puretunes.com. Through the PureTunes Site, for profit and

other commercial gain, Defendants have distributed to the general public, and in

particular to customers in the United States and the District of Columbia, some of the

most popular copyrighted sound recordings in the United States, including the

Copyrighted Recordings, without permission, authority or license from the lawful owners

of the copyrights in those recordings.

20.    Defendants' PureTunes Site has been accessible to the general public. If a user desired to download a recording (that is, distribute to and reproduce a copy of the recording onto the user's computer), then that user was required to pay Defendants a fee for the ability to download as much copyrighted music as the user wanted for an agreed length of time, depending on the fee paid by the user. Thus, for example, for $3.99, a user could download all the copyrighted music that user wanted for an eight-hour period of time. For $24.99, the user could download all the music he or she wanted for one month. (Exhibit B hereto is a true and correct copy of the page of the PureTunes Site explaining the payment options offered to consumers.) In an effort to solicit sales of the Copyrighted Recordings on the PureTunes Site, PureTunes would allow customers to download the first twenty-five songs free of charge.

21.    Through the PureTunes Site, Defendants have sold digital downloads of sound recordings, including the Copyrighted Recordings, by some of Plaintiffs' most famous artists including the Beatles, Elvis Presley, Bruce Springsteen, U2, Janet Jackson, Al Jarreau, Cher, Eminem, Madonna, and Britney Spears. (Exhibit C hereto is a true and correct copy of a page of the PureTunes Site describing some of the top artists and recordings available.)

22.    Defendants have made false and/or misleading claims that the sound recordings it has sold are "authorized" by each of the copyright owners of the songs it offers for download. For example, on the PureTunes Site itself, Defendants falsely have represented to customers that the sound recordings offered for sale through the website are "authorized" for downloading and distribution by the proper copyright holder. (Exhibit D hereto is a true and correct copy of a page of the PureTunes Site stating the

9

offered recordings are "authorized.") Also, at a press conference announcing the launch

of PureTunes, a representative of the Defendants stated publicly that PureTunes provides

a way for customers to download music legally. (Exhibit E hereto are press articles

discussing the PureTunes Site.) Defendants further have stated falsely that the PureTunes

Site and takes advantage of an alleged "loophole in the [Spanish] licensing laws" through

licensing agreements with Spanish music publishers. (Exhibit E at 3.)

23.    Defendants also have made unauthorized use of Plaintiffs' copyrighted

images and trademarks contained in album cover art willfully to mislead customers into

the false belief that Defendants have the right to sell or distribute the Copyrighted

Recordings.

24.    Defendants do not, however, have a license or authority from Plaintiffs to

copy, distribute, or exploit the Copyrighted Recordings (or any other recordings) in any

way. Nor is there any "loophole" in Spanish or any other jurisdictions' laws to permit

Defendants to distribute the Copyrighted Recordings in the United States without the

authority of Plaintiffs. At all times, Defendants knew that they were not authorized by

the copyright owners, or by law, to distribute, copy or in any way exploit, commercially

or otherwise, Plaintiffs' Copyrighted Recordings.

25.    By falsely claiming that music downloaded from PureTunes is

"authorized," Defendants have deceived and confused consumers into believing

incorrectly that the music they are downloading is fully licensed by the copyright owners

and legally obtained, rather than unlawful and infringing. Defendants have conspired to

mislead and deceive consumers who otherwise might not download infringing sound

recordings. Thus, Defendants' conduct has placed them in direct competition with Plaintiffs' own efforts to market and sell the copyrighted recordings.

26. Defendants also have misrepresented that PureTunes' customers may lawfully copy and distribute the Copyrighted Recordings they purchase from PureTunes, and have enabled their customers to do so. The PureTunes Site has advertised that: "There are no restrictions on the song files. You may use them as you like. You own them: you are not 'renting' them." (Exhibit B.) In addition, contrary to the practice of legitimate sites, Defendants sell and distribute Plaintiffs' recordings without any technical protection governing users' ability to further copy and distribute the recordings they have purchased. Because Defendants have no legal right to authorize, or purport to authorize, users to further copy or distribute the Copyrighted Recordings, Defendants are encouraging and enabling PureTunes users to commit additional and separate acts of copyright infringement.

27. By establishing the PureTunes Site, Defendants deliberately have entered the market for online sales of copyrighted recordings and, through infringing and unlawful means, have sought to compete directly and unfairly with sound recordings sold or licensed for sale by Plaintiffs. Defendants' illegal sales have directly interfered with Plaintiffs' online business opportunities because Defendants' sales have directly supplanted sales that otherwise would have been made by Plaintiffs or their licensees. Defendants' illegal sales also have interfered with Plaintiffs' ability to license the Copyrighted Recordings to others for legitimate online services. Finally, Defendants have directly and unfairly competed with Plaintiffs in the sale of copyrighted sound recordings to the public in the form of compact discs and other physical formats.

11

28.     Defendants' misrepresentations as to authorization have directly
undermined Plaintiffs' substantial efforts to encourage consumers to purchase music from
legitimate and licensed Internet sites.  Defendants have thus further interfered with
Plaintiffs' efforts to develop a legitimate market for online digital music.

29.     The PureTunes Site currently appears to be offline or inaccessible,
although seemingly only temporarily.  Defendants have provided no indications or
assurances that the PureTunes Site will not again be accessible to the general public
imminently or in the very near future.  Thus, Defendants' conduct continues to threaten
Plaintiffs with severe and irreparable harm.  Defendants, moreover, remain liable to
Plaintiffs for the extensive damages and injury they already have caused.

**COUNT I**

**INFRINGEMENT OF COPYRIGHTS**

30.     Plaintiffs incorporate by this reference each and every averment contained
in paragraphs 1-29 as if set forth herein.

31.     Defendants, without the permission, consent or authority of Plaintiffs,
have reproduced and distributed to the public, and/or have caused the reproduction and
public distribution of, the Copyrighted Recordings, within the territorial limits of the
United States.

32.     With full knowledge of the infringements, Defendants have also materially
contributed to widespread unauthorized copying and distribution of the Copyrighted
Recordings, in violation of the copyright laws.

33.     Defendants have further infringed the Copyrighted Recordings because
Defendants have the right and ability to supervise or control copyright infringement

12

occurring on the PureTunes Site and obtain a direct financial benefit from such infringements, in violation of the copyright laws.

34.    Defendants, moreover, have willfully and intentionally conspired, through an agreement, to commit copyright infringement as outlined in this complaint. Such conspiracy and conduct have injured Plaintiffs.

35.    In furtherance of this conspiracy, Defendants have committed numerous overt acts including, as described previously, all of the acts necessary to cause and enable infringement of the Copyrighted Recordings on the PureTunes Site. Each of these acts was made pursuant to the agreement of the Defendants and in furtherance of their common scheme.

36.    The infringement of Plaintiffs' rights in and to each of the Copyrighted Recordings constitutes a separate and distinct act of infringement.

37.    The foregoing acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiffs.

38.    The acts of Defendants complained of herein constitute infringement of Plaintiffs' registered copyrights and exclusive rights under copyright, in violation of 17 U.S.C. §§ 106 and 501.

39.    As a direct and proximate result of Defendants' infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c). Alternatively, Plaintiffs, at their election, are entitled to damages pursuant to 17 U.S.C. § 504(b) for each separate infringement.

40.     Plaintiffs further are entitled to their costs in pursuing this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

41.     Pursuant to 17 U.S.C. § 503, Plaintiffs further are entitled to an order requiring Defendants to deliver up on oath, to be impounded during the pendency of this action, and thereafter to be surrendered to Plaintiffs or to be destroyed, all computer servers or hard drives, and any other electromagnetic, digital or other storage medium, containing unauthorized reproductions of the Copyrighted Recordings.

42.     Defendants' conduct, as hereinabove averred, has caused and, unless enjoined by this Court, threatens to continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringement of Plaintiffs' copyrights and exclusive rights under copyright.

## COUNT II

### FALSE ADVERTISING IN VIOLATION
### OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

43.     Plaintiffs incorporate by this reference paragraphs 1-29 as if set forth herein.

44.     By falsely advertising and representing that the sound recordings offered on the PureTunes Site have been authorized, Defendants have deceived or confused consumers as to the nature, characteristics or quality of the goods and services they were purchasing.  Consumers have been led to believe they were purchasing fully licensed, legal copies of the Copyrighted Recordings, while they were actually buying illegal,

14

infringing copies. Defendants have sold such unauthorized sound recordings in interstate commerce.

45.     Defendants, moreover, have willfully and intentionally conspired, through an agreement, to falsely represent that the sound recordings offered on the PureTunes Site were authorized and licensed. Such conspiracy and conduct have injured Plaintiffs.

46.     In furtherance of this conspiracy, Defendants have committed numerous overt acts, including, as described previously, the multiple knowingly false and misleading statements made by the Defendants and their representatives that the sound recordings on the PureTunes Site were authorized. Each of these acts was made pursuant to the agreement of the Defendants and in furtherance of their common scheme.

47..    Defendants' conduct has been willful, intentional, and purposeful, in disregard of and indifference to the rights of Plaintiffs.

48.     Defendants' false advertising and representations have injured Plaintiffs, in violation of 15 U.S.C. § 1125.

## COUNT III

### UNFAIR COMPETITION

49.     Plaintiffs incorporate by this reference paragraphs 1-29 as if set forth herein.

50.     Through their knowingly false and misleading statements representing to the public that their business has been authorized to sell and distribute sound recordings whose copyrights are owned by the Plaintiffs, Defendants have intentionally and willfully misled consumers into believing that they were purchasing sound recordings authorized and licensed by Plaintiffs, in direct competition with Plaintiffs' own efforts to market and

15

sell such recordings. Such knowingly misleading statements and the resulting sales and distributions to consumers who otherwise would have purchased sound recordings from legitimate sources have injured Plaintiffs. Defendants' conduct constitutes unfair competition in violation of law.

51.    Defendants, moreover, have willfully and intentionally conspired, through an agreement, to engage in unfair competition as described in this complaint. Such conspiracy and the underlying unfair competition have injured Plaintiffs.

52.    In furtherance of this conspiracy, Defendants have committed numerous overt acts, including, as described previously, the multiple knowingly false and misleading statements made by the Defendants and their representatives that the sound recordings on the PureTunes Site were authorized. Each of these acts has been made pursuant to the agreement of the Defendants and in furtherance of their common scheme.

## COUNT IV

### TORTIOUS INTERFERENCE WITH BUSINESS ADVANTAGE

53.    Plaintiffs incorporate by this reference paragraphs 1-29 as if set forth herein.

54.    Through their false statements representing to the public that their business is authorized to sell and distribute sound recordings whose copyrights are owned by the Plaintiffs, Defendants have intentionally and willfully interfered with Plaintiffs' business opportunities.

55.    Such business opportunities – including sales to consumers desiring to purchase sound recordings legitimately and the licensing of companies desiring to sell and distribute Plaintiffs' recordings legitimately and pursuant to license – were

16

commercially reasonable for the Plaintiffs to anticipate, and Defendants' interference has damaged Plaintiffs.

56.     Defendants' tortious acts of interference with Plaintiffs' business opportunities have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiffs.

57.     Defendants, moreover, have willfully and intentionally conspired, through an agreement, to tortiously interfere with Plaintiffs' business advantage.  Such conspiracy and the underlying tortious conduct have injured Plaintiffs.

58.     In furtherance of this conspiracy, Defendants have committed numerous overt acts, including, as described previously, the multiple knowingly false and misleading statements made by the Defendants and their representatives that the sound recordings on the PureTunes Site were authorized.  Each of these acts has been made pursuant to the agreement of the Defendants and in furtherance of their common scheme.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

1.     On Count I:

(a)     For a preliminary and permanent injunction enjoining Defendants and all persons acting in concert or participation with Defendants, from (i) directly or indirectly infringing in any manner any of Plaintiffs' respective copyrights and exclusive rights under copyright (whether now in existence or hereafter created), including without limitation, the Copyrighted Recordings listed on Exhibit A, and (ii) from causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiffs' respective copyrights, and

17

exclusive rights under copyright, including without limitation, the Copyrighted

Recordings listed on Exhibit A.

(b)     for maximum statutory damages in the amount of $150,000 with

respect to each copyrighted work infringed, or for such other amounts as may be

proper pursuant to 17 U.S.C. § 504(c);

(c)     in the alternative, at their election, for Plaintiffs' damages

according to proof;

(d)     for an order requiring Defendants to deliver up on oath, to be

impounded during the pendency of this action, and thereafter to be surrendered to

Plaintiffs or to be destroyed, all computer servers or hard drives, and any other

electromagnetic, digital or other storage medium, containing unauthorized

reproductions of the Copyrighted Recordings; and

(e)     for Plaintiffs' costs in this action, including reasonable attorneys'

fees, pursuant to 17 U.S.C. § 505.

2.     On Count II:

(a)     for a preliminary and permanent injunction enjoining Defendants

and all persons acting in concert or participation with Defendants, from operating

the PureTunes Site or any similar site, or to conduct any activities, in a manner

likely to deceive the public as to the nature, characteristics, or quality of any

sound recordings being made available pursuant to such web site or activities,

pursuant to 15 U.S.C. § 1116.

(b)     for an award of three times the Defendants' profits and/or

Plaintiffs' damages, whichever is greater, pursuant to 15 U.S.C. § 1117;

    (c)     for an award of litigation costs, pursuant to 15 U.S.C. § 1117; and

    (d)     for an award of attorney fees, pursuant to 15 U.S.C. § 1117.

3.    On Counts III and IV:

    (a)     a preliminary and permanent injunction enjoining Defendants and all persons acting in concert or participation with Defendants, from operating the PureTunes Site or any similar site, or to conduct any activities, that unfairly compete or tortiously interfere with Plaintiffs' businesses or business opportunities by deceiving the public as to the nature, characteristics, or quality of any sound recordings being made available pursuant to such website or activities;

    (b)     for an award of damages according to the proof;

    (c)     for an award of punitive damages in an amount sufficient to punish and deter Defendants; and

    (d)     for an award of attorney fees and costs, as appropriate.

4.    For prejudgment interest according to law.

5.    For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Donald B. Verrilli Jr. (D.C. Bar No. 420454)
Steven B. Fabrizio (D.C. Bar No. 436482)
Thomas J. Perrelli (D.C. Bar No. 438929)
JENNER & BLOCK, LLC
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005-3823
(202) 639-6000

*Attorneys for Plaintiffs*