**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ARISTA RECORDS, INC., et al,                           )
                                                        )
                              Plaintiffs,               )
                                                        )
v.                                                      ) Civ. Act. No. 03-1474 (RCL)
                                                        )
SAKFIELD, INC. d/b/a PURETUNES.COM; and                 )
DOES 1-10.                                              )
                                                        )
                              Defendants.               )


**PLAINTIFFS' OPPOSITION TO DEFENDANT SAKFIELD HOLDING
COMPANY S.L.'S MOTION FOR TEMPORARY STAY OF DISCOVERY**

Disregarding commitments made by its counsel, Defendant Sakfield Holding

Company S.L. ("Sakfield") has moved to stay this Court's order for immediate discovery

in this case. That motion should be denied both because it violates an agreement

negotiated in good faith with Sakfield's Spanish counsel, but also because, in contrast to

the lack of prejudice shown by Sakfield, such a stay would prejudice the rights of

Plaintiffs and delay the expeditious amendment of the complaint to bring relevant parties

before the Court.

Sakfield's motion is inconsistent with an express agreement reached between

Sakfield's Spanish counsel and counsel for Plaintiffs. On July 25, 2003, Spanish counsel

for Sakfield contacted Plaintiffs seeking an extension of time in which to respond to the

complaint. Spanish counsel was aware of Plaintiffs' motion to conduct immediate

discovery and was made aware that the motion had been granted. Plaintiffs agreed to an

extension of time, but in return, counsel for Sakfield agreed not to re-open the issue of

immediate discovery and to allow such discovery to proceed. Reflecting that agreement,

on July 28, 2003, upon request of Spanish counsel, Plaintiffs filed a Consent Motion for Enlargement of Time for Defendant to Answer on behalf of the Defendant Sakfield's counsel. Sakfield filed a similar motion on July 29, 2003, which memorialized that Plaintiffs' consent was based "on the condition that the Defendants agrees [sic] to comply and go forward with the Court-ordered discovery granted on July 22, 2003." *See* Mot. for Exten. of Time at 2, para. V. Defendant's Motion for Temporary Stay contravenes the agreement with Plaintiffs, and for that reason alone, should be denied.

Sakfield's motion independently should be denied because it in no way addresses the underlying issues that made the Court's Order necessary. The primary argument for delay is new defense counsel's busy schedule and lack of preparation. But that provides no reason to prevent Plaintiffs from commencing limited discovery, especially against third parties that appear likely to have documents and information relevant to this case. Moreover, as noted in Plaintiffs' Motion for Leave to Take Immediate Discovery, this case presents a particularly compelling case for expedited discovery. *See,* Mot. for Lv. to Take Immed. Disc. at 8 filed July 21, 2003. Plaintiffs requested leave to take immediate discovery in order to identify the Doe Defendants and locate the whereabouts of the massive contraband database containing thousands of pirated works that Defendant has used to infringe Plaintiffs' copyrights. At that time, Plaintiffs explained that the PureTunes website was off-line, but that the database remained at large and the people behind the infringement – who should be added to this case to replace the "Doe Defendants" as soon as possible – remained in the shadows. The latter two factors, of themselves, were a sufficient basis to support an order for immediate discovery.

Sakfield's motion addresses neither of these points. Plaintiffs' counsel raised these issues with Sakfield's counsel by telephone on August 18, 2003. But U.S. counsel for Sakfield has not divulged the location of the database or the infringing sound recordings that form the database and has not provided any information that would permit the joinder of the individuals who are behind Sakfield. All of the reasons that supported the Court's grant of Plaintiffs' motion for expedited discovery remain operative today.

Sakfield's claim that Plaintiffs will not suffer prejudice from a stay of discovery is simply disingenuous. Plaintiffs have continued their investigation into Defendants' conduct, both through discovery and other means, and have, at a minimum, located where they believe one copy of the database of infringing songs once was. *See* Plaintiffs' Motion for Leave to Take Discovery of RACO filed July 31, 2003. Plaintiffs have now sought discovery to confirm that and to learn what might have happened to the database. Plaintiffs' other outstanding discovery requests, as well as information already obtained, will provide additional clues as to the location of the database and identities of the Doe Defendants.

Contrary to Sakfield's characterizations of Plaintiffs' concerns as "unsubstantiated implications," Plaintiffs do indeed have substantial and credible evidence that Defendants are taking steps to conceal their involvement. Plainly put, Defendants engaged in criminal copyright infringement and appear to have organized themselves in the same manner as one would expect a criminal enterprise to organize itself – through multiple shell companies organized in multiple foreign countries (including those renowned for secrecy). Moreover, the moment that Sakfield became aware that its conduct was known to Plaintiffs – immediately after its ISP informed it that

Plaintiffs' trade association had obtained a DMCA subpoena to identify the entities behind the PureTunes website, the website was taken off-line. That sort of flight does not suggest "a respect for the possible legal rights of others" (Def. Motion for Temporary Stay at 3) – it suggests that those committing illegal conduct are going underground to avoid being called to account for their actions. Given Sakfield's refusal both to tender any and all copies of infringing works into the Court's custody and to identify the individuals behind the PureTunes website, immediate discovery is the only chance Plaintiffs have to expeditiously protect their rights and put this case on track to be resolved efficiently – with all parties before the Court – as soon as possible. Thus, Plaintiffs would be seriously prejudiced by delay.

In stark contrast, Defendants will not suffer any prejudice should discovery proceed as ordered by this Court. The obligations on Sakfield created by the limited third party discovery the Court has authorized are minimal. To date, most of the ongoing discovery consists of requests for documents. The few depositions that will be scheduled in the next 4-6 weeks are vitally important to help uncover the whereabouts of the database of infringing recordings and the identity of the persons responsible for the infringement. A few third-party depositions over a six-week period can hardly be deemed an undue burden on Sakfield's counsel, a law firm with over 400 lawyers. Moreover, Sakfield will have had a full 30 days to respond to the interrogatories and document requests served on it on August 5, 2003, and will have been represented by its current U.S. counsel for virtually all of that time. Plaintiffs have not sought depositions of Sakfield personnel, as yet, because they are unaware, except for names in some publicly available corporate records, who those personnel are.

4

Sakfield's claim for prejudice comes down *not* to any harm to Sakfield (which took 6 weeks to locate U.S. counsel – a fact that will prove extremely troubling if, as Plaintiffs are all-but-certain, U.S. persons are behind Sakfield), but to inconvenience caused by the schedule of Sakfield's new counsel. That simply does not warrant a stay, particularly given the significant prejudice that Plaintiffs would suffer by delaying discovery. Nor does it provide any basis for Sakfield's failure to abide by the terms of the original agreement with Plaintiffs to allow discovery to proceed in exchange for additional time to respond to the complaint.

Respectfully submitted,

Donald B. Verrilli Jr. (D.C. Bar No. 420454)
Steven B. Fabrizio (D.C. Bar No. 436482)
Thomas J. Perrelli (D.C. Bar No. 438929)
JENNER & BLOCK, LLC
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005-3823
(202) 639-6000

August 22, 2003                    *Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ARISTA RECORDS, INC., *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 03-1474 (RCL) |
| vs. | ) | |
| | ) | |
| SAKFIELD, INC. d/b/a PURETUNES.COM; and | ) | |
| DOES 1-10. | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED ORDER DENYING DEFENDANT'S
## MOTION FOR TEMPORARY STAY OF DISCOVERY

Defendant Sakfield Holding Company S.L.'s Motion for Temporary Stay of

Discovery is DENIED, and it is hereby ORDERED that Plaintiffs shall be permitted to

continue with discovery, as permitted under this Court's order of July 22, 2003.

The Clerk is directed to forward copies of this Order to the Counsel of Record.


Entered this _____ day of August 2003



_____

The Honorable Royce C. Lamberth

## CERTIFICATE OF SERVICE

I hereby certify that this 22nd day of August, 2003, the foregoing Plaintiffs'

Opposition to Defendant Sakfield Holding Company S.L.'s Motion for Temporary Stay

of Discovery and proposed order were served by hand delivery on:

Lawrence M. Sung
Preston Gates Ellis & Rouvelas Meeds LLP
1735 New York Ave., N.W.
Suite 500
Washington, D.C.  20006

Nicole G. Berner
Jenner & Block, LLC
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC  20005-3823
(202) 639-6000